UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD CHRISTOPHER FORD, JR. | CIVIL ACTION |
| VERSUS | NUMBER: 11-2100 |
| ST. BERNARD PARISH SHERIFF JACK A. STEPHENS, ET AL. | SECTION: "A"(5) |

### REPORT AND RECOMMENDATION

       This 28 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* plaintiff, Richard Christopher Ford, Jr., against defendants, St. Bernard Parish Sheriff Jack A. Stephens and Lieutenant Shannon Desroches, the Medical Director of the St. Bernard Parish Prison. ("SBPP").

       Plaintiff is an inmate of the West Carroll Detention Center, Epps, Louisiana, who was previously incarcerated at SBPP. While he was housed at SBPP, plaintiff alleges that he was denied needed medical care, thus prompting him to file a previous §1983 proceeding here against Sheriff Stephens, Lieutenant Desroches, and others, *Ford v. Stephens, et al.*, 10-CV-2235 "N"(1). Upon the

consent of the parties, that case was tried before Magistrate Judge Shushan earlier this year, following which judgment was entered in favor of the defendants, dismissing plaintiff's suit with prejudice. (See rec. docs. 43, 44 in 10-CV-2235). Plaintiff's appeal of that judgment was recently dismissed by the Fifth Circuit for want of prosecution.  Ford v. Stephens, et al., No. 11-30378 (5th Cir. July 14, 2001)(unpublished order).  By way of his present lawsuit, plaintiff candidly seeks to re-litigate the facts underlying the alleged denial of needed medical care at SBPP under a negligence theory.  Plaintiff seeks some $150,000 in damages.

The Fifth Circuit has held that "... IFP complaints may be dismissed as frivolous pursuant to [former] §1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.), cert. denied, 493 U.S. 969, 110 S.Ct. 417 (1989)(citing Bailey v. Johnson, 846 F.2d 1019 (5th Cir. 1988)). Principles of res judicata serve to bar all claims that were brought or could have been brought based on the operative factual nucleus.  McGill v. Juanita Kraft Postal Service, 2003 WL 21355439 at *2 (N.D. Tex. June 6, 2033), adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003).  A complaint is thus malicious and subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(i) "... when it

'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation." Id. (quoting Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993)).

Plaintiff readily admits that he is "refiling" this lawsuit against the Sheriff and Lieutenant Desroches in order to proceed under a different legal theory but based upon the same set of operative facts. The Court notes that plaintiff was transferred from SBPP at least three months before the trial in his previous lawsuit was held so there have been no new factual occurrences at SBPP since that previous lawsuit was litigated to its conclusion. See Wilson, 878 F.2d at 851. The privilege of proceeding IFP at the government's expense does not entitle plaintiff to a second "bite at the litigation apple" with respect to the medical care that he received while he was housed at SBPP. Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's lawsuit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

    New Orleans, Louisiana, this __2nd__ day of __September__, 2011.

                                                */s/ Alma L. Chasez*
                                                ALMA L. CHASEZ
                                    UNITED STATES MAGISTRATE JUDGE